■ First Union National Bank, Respondent, v Incorporated Village of Hempstead, Appellant. American Key, Inc., et al., Nonparty Respondents. [823 NYS2d 111]—

In an action to foreclose a tax lien pursuant to the Nassau County Administrative Code (L 1939, chs 272, 701-709, as amended), the defendant appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated April 4, 2005, which denied its motion to vacate a judgment of foreclosure and sale of the same court entered October 17, 2002, upon its default in answering or appearing.

Ordered that the order is affirmed, with one bill of costs to the plaintiff-respondent and nonparty respondents appearing separately and filing separate briefs.

The defendant Incorporated Village of Hempstead (hereinafter the Village) owned certain real property in the Village subject to various tax liens preexisting the date the Village took title to the property. The respondent First Union National Bank, as custodian for National Tax Funding, L.P. (hereinafter First Union), purchased the liens from Nassau County and eventually brought a foreclosure action. The Village did not answer or otherwise appear. First Union obtained a judgment of foreclosure and sale upon the Village's default, and the property was eventually sold to nonparty respondents American Key, Inc., All Homes, LLC, and Millennium Home and Land, Ltd. Seven

months later, the Village moved to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (1). The Supreme Court denied the motion, holding that the Village had established neither a reasonable excuse for its default nor a meritorious defense.

On appeal, the Village raises only one argument, that RPTL 995 divests the Supreme Court of subject matter jurisdiction over the action. Although this argument was not raised in the Supreme Court, an objection to subject matter jurisdiction may be raised at any time, even after a default (*see Editorial Photocolor Archives v Granger Collection*, 61 NY2d 517, 523 [1984]; *Matter of Watervliet Hous. Auth. v Bell*, 262 AD2d 810, 811 [1999]).

RPTL 995 provides, in part, that "[r]eal property owned by a municipal corporation shall not be sold or conveyed by foreclosure or otherwise for the nonpayment of any tax or special assessment." It also provides for a proceeding pursuant to CPLR article 78 to recover taxes due on such real property and for sales on consent of the municipality. Nothing in the text of the statute or in the legislative history suggests, however, that the Legislature intended RPTL 995 to divest the Supreme Court of its subject matter jurisdiction over tax foreclosure proceedings relating to municipally-owned real property (*see* Bill Jacket, L 1958, ch 890; *cf. Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 719 [1997]; *Lacks v Lacks*, 41 NY2d 71, 75 [1976]). Had the Village appeared in the action at the appropriate time, it could have raised RPTL 995 and avoided the loss of the real property that is the subject of this action. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.