Bank of Am., N.A. v Teodorescu (2020 NY Slip Op 05713)





Bank of Am., N.A. v Teodorescu


2020 NY Slip Op 05713


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-03859
 (Index No. 70482/12)

[*1]Bank of America, National Association, respondent,
v
Radu Teodorescu, etc., appellant, et al., defendants.


Clair & Gjertsen, White Plains, NY (Ira S. Clair and Matthew W. Martin of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Anthony Del Guercio and Karena J. Straub of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Radu Teodorescu appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated March 6, 2017. The order denied that defendant's motion pursuant to CPLR 5015 to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Mary H. Smith, J.) dated August 25, 2014, entered upon his default in answering or appearing.
ORDERED that the order is affirmed, with costs.
In 2012, the plaintiff commenced this action against the defendant Radu Teodorescu (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Scarsdale. The defendant failed to timely appear or answer the complaint. By order dated June 17, 2014, the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference was granted.
Upon the filing of the referee's report, the plaintiff moved, on notice to the defendant, to confirm the report and for a judgment of foreclosure and sale. The defendant did not oppose the motion, which was granted by an order and judgment of foreclosure and sale dated August 25, 2014. In 2017, the defendant moved pursuant to CPLR 5015 to vacate the order and judgment of foreclosure and sale. The Supreme Court denied the motion, and the defendant appeals.
The defendant argues that his default in appearing or answering the complaint should be vacated because he was not properly served with the summons and complaint. Contrary to the defendant's contention, however, a single, minor discrepancy between the defendant's alleged appearance and the description of the defendant provided by the process server was insufficient to raise an issue of fact warranting a hearing to determine the propriety of service (see US Bank N.A. v Cherubin, 141 AD3d 514, 515). Moreover, such "discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (id. at 516). Here, the defendant failed to substantiate the alleged discrepancy in his appearance.
To the extent that the defendant sought to vacate his default pursuant to CPLR 5015(a)(1), he failed to establish a reasonable excuse for his default, since the only excuse proffered was that he was not served with process (see West Coast Servicing, Inc. v Yusupova, 172 AD3d 789, 790). Since the defendant failed to establish a reasonable excuse for his default in answering the complaint, it is unnecessary to consider whether he established the existence of a potentially meritorious defense, including lack of standing or failure to comply with RPAPL 1304 (see Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1156; West Coast Servicing, Inc. v Yusupova, 172 AD3d at 790; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1027).
Finally, the defendant was not entitled to vacatur of the order and judgment of foreclosure and sale based upon his contentions regarding the referee's report, as he failed to offer any excuse for his default in opposing the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale (see HSBC Bank USA, N.A. v Frank, 175 AD3d 627, 628).
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court