Tlais v Cinozgumes (2020 NY Slip Op 07615)





Tlais v Cinozgumes


2020 NY Slip Op 07615


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-07929
 (Index No. 9913/15)

[*1]Hassan Tlais, appellant, 
v
Gurhan Cinozgumes, respondent.


Frederic A. Nicholson, Brooklyn, NY, for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 13, 2019. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered January 8, 2018, granting the defendant's unopposed motion for summary judgment dismissing the complaint.
ORDERED that the order entered June 13, 2019, is affirmed, with costs.
A party seeking to vacate an order entered upon his or her failure to oppose a motion is required to demonstrate, through the submission of supporting facts in evidentiary form, both a reasonable excuse for the default and the existence of a potentially meritorious opposition to the motion (see Bhuiyan v New York City Health & Hosps. Corp., 120 AD3d 1284). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion, and the Supreme Court has the discretion to accept law office failure as a reasonable excuse where that claim is supported by a detailed and credible explanation of the default or defaults at issue" (Swensen v MV Transp., Inc., 89 AD3d 924, 925 [citations and internal quotation marks omitted]).
Here, we agree with the Supreme Court's determination denying the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order entered January 8, 2018, which granted the defendant's unopposed motion for summary judgment dismissing the complaint. The plaintiff failed to present a reasonable excuse for his failure to submit opposition papers to the defendant's motion. Upon receiving a letter from the plaintiff stating that he was traveling in Lebanon until "on or about November 6, 2017," the court adjourned the return date of the defendant's summary judgment motion to December 11, 2017, and directed the plaintiff to file opposition papers by November 27, 2017. The plaintiff concedes that his opposition papers were not presented to the court for filing until December 11, 2017. The plaintiff's bare assertion that his counsel required more time to prepare and file the opposition papers in light of his recent travel to Lebanon is unsupported by any additional facts. Thus, the plaintiff's "conclusory, undetailed, and uncorroborated allegation[s] of law office failure [do] not constitute a reasonable excuse" (Aurora Loan Servs., LLC v Lucero, 131 AD3d 496, 497).
Since the plaintiff failed to demonstrate a reasonable excuse for his default, we need not address the issue of whether he demonstrated a potentially meritorious opposition to the motion (see Lane v Smith, 84 AD3d 746, 748).
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court