Mtag Cust for Mtag Caz Cr. NY, LLC v County of Nassau (2021 NY Slip Op 00555)





Mtag Cust for Mtag Caz Cr. NY, LLC v County of Nassau


2021 NY Slip Op 00555


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-09223
 (Index No. 1050/15)

[*1]Mtag Cust for Mtag Caz Creek NY, LLC, respondent, 
v
County of Nassau, respondent-appellant, et al., defendants; Blake Stone, LLC, et al., nonparty-appellants-respondents.


Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for nonparty-appellants-respondents.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi M. Kunzig and Robert F. Van der Waag of counsel), for respondent-appellant.
Bronster, LLP, New York, NY (Nina Khaimova and Nicole M. Ciolko of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a tax lien, nonparties Blake Stone, LLC, and Soundview Equities, LLC, appeal, and the defendant County of Nassau cross-appeals, from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered August 1, 2018. The order, insofar as appealed from, extended a temporary restraining order of the same court dated June 27, 2018, and granted the defendant County of Nassau permission to redeem the subject property by a certain date. The order, insofar as cross-appealed from, denied the motion of the defendant County of Nassau pursuant to CPLR 5015(a)(1) to vacate a judgment of foreclosure and sale of the same court entered December 28, 2016, upon its default in appearing or answering the complaint, and for leave to interpose a late answer.
ORDERED that the appeal is dismissed as academic in light of our determination on the cross appeal; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law and in the exercise of discretion, the motion of the defendant County of Nassau pursuant to CPLR
5015(a)(1) to vacate the judgment of foreclosure and sale entered December 28, 2016, and for leave to interpose a late answer, is granted, and so much of the order entered August 1, 2018, as extended the temporary restraining order dated June 27, 2018, and granted the defendant County of Nassau permission to redeem the subject property by a certain date, is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant County of Nassau, payable by the plaintiff and nonparties Blake Stone, LLC, and Soundview Equities, LLC, appearing separately and filing separate briefs.
The plaintiff commenced the instant action to foreclose a tax lien on real property, consisting of "a natural, open and historic area," that had been acquired by the defendant County of Nassau. The County failed to appear or answer the complaint, and the plaintiff obtained a judgment of foreclosure and sale upon the County's default. The property was sold at auction on June 12, [*2]2018, to nonparties Blake Stone, LLC, and Soundview Equities, LLC. The County thereafter moved pursuant to CPLR 5015(a)(1) to vacate the judgment of foreclosure and sale and for leave to interpose a late answer. In an order dated August 1, 2018, the Supreme Court, inter alia, denied the County's motion.
A party seeking to vacate a default in appearing or answering pursuant to CPLR 5015(a)(1), and thereupon to serve a late answer, must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Ferraro Foods, Inc. v Guyon, Inc., 165 AD3d 628, 630). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877). "[T]he court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d 776, 777).
Under the circumstances of this case, including the explanation provided by the County's attorney regarding the error in failing to answer, the lack of willfulness on the County's part, and the strong public policy in favor of resolving cases on the merits, the Supreme Court improvidently exercised its discretion in rejecting the proffered excuse of law office failure (see Burro v Kang, 167 AD3d 694, 699).
Further, the County demonstrated a potentially meritorious defense to the action pursuant to RPTL 995, which provides that "[r]eal property owned by a municipal corporation shall not be sold or conveyed by foreclosure or otherwise for the nonpayment of any tax or special assessment" (see First Union Natl. Bank v Incorporated Vil. of Hempstead, 33 AD3d 658, 659).
Accordingly, the Supreme Court should have granted the County's motion to vacate the judgment of foreclosure and sale and for leave to interpose a late answer.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court