Wells Fargo Bank, N.A. v Singh (2021 NY Slip Op 04575)





Wells Fargo Bank, N.A. v Singh


2021 NY Slip Op 04575


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-13938
 (Index No. 712902/16)

[*1]Wells Fargo Bank, N.A., respondent,
v
Mona Balkaran Singh, etc., et al, appellants, et al., defendants.


Sharova Law Firm, Brooklyn, NY (Yelena Sharova and Charles Marino of counsel), for appellants.
Akerman LLP, New York, NY (Eric M. Levine, Ashley S. Miller, and Erica R. S. Goldman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mona Balkaran Singh and Ramnaraine Singh appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 16, 2019. The order and judgment of foreclosure and sale, upon orders of the same court entered October 3, 2017, and April 13, 2018, granting the plaintiff's unopposed motion, among other things, for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference, and upon an order of the same court entered February 19, 2019, denying those defendants' motion, inter alia, to vacate the orders entered October 3, 2017, and April 13, 2018, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In October 2016, the plaintiff commenced this action against the defendants Mona Balkaran Singh and Ramnaraine Singh (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property in Queens. The defendants interposed an answer in which they asserted various affirmative defenses. In July 2017, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants failed to oppose the motion. By orders entered October 3, 2017, and April 13, 2018, the Supreme Court, inter alia, granted the plaintiff's unopposed motion.
In November 2018, the defendants moved to vacate the orders entered October 3, 2017, and April 13, 2018, and to dismiss the complaint insofar as asserted against them for failure to comply with RPAPL 1304. By order entered February 19, 2019, the Supreme Court denied the motion, and thereafter, issued an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property. The defendants appeal.
A party seeking to vacate an order entered upon his or her default in opposing a [*2]motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; U.S. Bank N.A. v Moultrie, 186 AD3d 525, 525-526). "The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default" (Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252), but mere neglect will not be accepted as a reasonable excuse (see U.S. Bank, N.A. v Essaghof, 178 AD3d 876, 878).
Here, the defendants asserted that their failure to oppose the plaintiff's motion was the result of law office failure. However, they offered only a vague explanation as to why their prior counsel failed to appear at the calendar call of the motion and, more significantly, they did not offer any explanation as to why their prior counsel never served papers in opposition to the plaintiff's motion (see CPLR 2214[b]; Tlais v Cinozgumes, 189 AD3d 1293, 1294; Nakollofski v Kingsway Props., LLC, 157 AD3d 960, 961; Kisiletskiy v Pena, 153 AD3d 800, 801; see also Elusma v Jackson, 186 AD3d 1326, 1327). Thus, the defendants failed to adequately support their claim of law office failure (see Tlais v Cinozgumes, 189 AD3d at 1294; Kisiletskiy v Pena, 153 AD3d at 801).
Since the defendants failed to establish a reasonable excuse for their default in opposing the motion, it is unnecessary to consider whether they established the existence of a potentially meritorious opposition to the motion, including the plaintiff's alleged failure to comply with RPAPL 1304 (see Bank of Am., N.A. v Teodorescu, 187 AD3d 831; Bank of N.Y. Mellon v Daniels, 180 AD3d 738, 739).
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court