Torres v DeJesus (2021 NY Slip Op 05037)





Torres v DeJesus


2021 NY Slip Op 05037


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2020-00433
 (Index No. 37217/18)

[*1]Dadin Torres, et al., appellants,
v
Maria I. DeJesus, et al., defendants, BRG Automotive Enterprises, LLC, etc., respondent.


Dwight D. Joyce, Stony Point, NY, for appellants.
Kenney Shelton Liptak Nowak, LLP, White Plains, NY (Melissa A. Foti of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated December 16, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendant BRG Automotive Enterprises, LLC, which were to vacate an order of the same court dated August 5, 2019, inter alia, granting the plaintiffs' unopposed motion for leave to enter a default judgment against that defendant, upon its failure to appear or answer the complaint, and for leave to interpose a late answer.
ORDERED that the order dated December 16, 2019, is affirmed insofar as appealed from, with costs.
After the plaintiff Dadin Torres allegedly was injured in a motor vehicle accident, she, and her husband suing derivatively, commenced this personal injury action against, among others, the defendant BRG Automotive Enterprises, LLC (hereinafter the defendant). The plaintiffs alleged, inter alia, that the defendant negligently repaired and inspected the other vehicle involved in the collision. The defendant failed to appear or answer the complaint, and, by order dated August 5, 2019 (hereinafter the default order), the Supreme Court, inter alia, granted the plaintiffs' unopposed motion for leave to enter a default judgment against the defendant. On August 9, 2019, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the default order and for leave to interpose a late answer. By order dated December 16, 2019, the Supreme Court, inter alia, granted those branches of the defendant's motion. The plaintiffs appeal.
"A defendant seeking to vacate a default must demonstrate both a reasonable excuse for the default and a meritorious defense" (Abdul v Hirschfield, 71 AD3d 707, 708; see CPLR 5015[a][1]). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Mtag Cust for Mtag Caz Cr. NY, LLC v County of Nassau, 191 AD3d 662).
Under the circumstances of this case, including the explanation provided by the defendant for its defaults, the lack of prejudice to the plaintiffs, and the strong public policy in favor of resolving cases on the merits, the Supreme Court providently exercised its discretion in accepting the proffered excuses (see Mtag Cust for Mtag Caz Cr. NY, LLC v County of Nassau, 191 AD3d at 664; Government Empls. Ins. Co. v Avenue C Med., P.C., 166 AD3d 857, 859; Rekhtman v Clarendon Holding Co., Inc., 165 AD3d 856, 857). Moreover, the defendant demonstrated a potentially meritorious defense to the action by submitting evidence to support its position that it never inspected or repaired the vehicle that collided with the plaintiffs' vehicle.
Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were to vacate the default order pursuant to CPLR 5015(a)(1) and for leave to interpose a late answer.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court