Muhammed v Federal Express Corp. (2021 NY Slip Op 05973)





Muhammed v Federal Express Corp.


2021 NY Slip Op 05973


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2019-09980
 (Index No. 849/16)

[*1]Malik Muhammed, appellant,
v
Federal Express Corporation, et al., respondents.


Zemsky & Salomon, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 29, 2019. The order granted the defendants' motion pursuant to CPLR 5015(a)(1), in effect, to vacate an order of the same court dated June 4, 2018, granting the plaintiff's unopposed motion for summary judgment on the issue of liability.
ORDERED that the order entered April 29, 2019, is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of a motor vehicle accident. Thereafter, the plaintiff moved for summary judgment on the issue of liability. By order dated June 4, 2018, the Supreme Court granted the plaintiff's motion "without opposition" and upon the defendants' failure to appear at oral argument. On July 11, 2018, the defendants moved, inter alia, for leave to reargue their opposition to the plaintiff's motion. By order dated November 28, 2018, the court denied the defendants' motion. The defendants subsequently moved pursuant to CPLR 5015(a)(1), in effect, to vacate the June 4, 2018 order. By order entered April 29, 2019, the court granted the defendants' motion. The plaintiff appeals.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Wells Fargo Bank, N.A. v Singh, 196 AD3d 728, 728). "Such a motion is addressed to the sound discretion of the motion court" (JPMorgan Chase Bank, N.A. v Baptiste, 188 AD3d 848, 850). "'The court has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default,' but [c]onclusory and unsubstantiated allegations of law office failure are not sufficient. [M]ere neglect is not a reasonable excuse" (Hudson City Sav. Bank v Augustin, 191 AD3d 774, 775 [citation and internal quotation marks omitted], quoting Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252). Here, the defendants provided a detailed and credible explanation for their default. The record clearly shows that the defendants served opposition papers to the plaintiff's summary judgment motion on the plaintiff's counsel and dispatched a copy for filing with the Supreme Court. Further, the court [*2]correctly held that the defendants' default was due to a "scheduling error," as the record shows that the defendants' counsel inadvertently appeared for the calendar call at 2:30 p.m., instead of 9:30 a.m. In addition, the defendants demonstrated a potentially meritorious opposition to the plaintiff's motion by providing the affidavit of the defendant Bishop R. Lacy, whose account of the accident conflicts with that of the plaintiff.
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court (see Federal Natl. Mtge. Assn. v Woolstone, 196 AD3d 548).
Accordingly, we affirm the order appealed from.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court