Wells Fargo Bank, N.A. v Echeverria (2022 NY Slip Op 02574)

Wells Fargo Bank, N.A. v Echeverria

2022 NY Slip Op 02574

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.

2019-08343 
2019-08345
 (Index No. 13170/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Nancy Echeverria, appellant, et al., defendants.

Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
LOGS Legal Group, LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nancy Echeverria appeals from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated May 10, 2019, and (2) a judgment of foreclosure and sale of the same court entered May 15, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendant Nancy Echeverria which was, in effect, pursuant to CPLR 5015(a) to vacate an order of the same court entered June 28, 2016, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against her and for an order of reference. The judgment of foreclosure and sale, upon the order dated May 10, 2019, among other things, directed the sale of the real property at issue.
ORDERED that the appeal from the order dated May 10, 2019, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated May 10, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated May 10, 2019, are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In May 2013, the plaintiff commenced this action to foreclose a mortgage securing real property in Suffolk County (hereinafter the property) against, among others, the defendant Nancy Echeverria (hereinafter the defendant). The defendant answered. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant did not oppose the motion. In an order entered June 28, 2016 (hereinafter the June 2016 order), the Supreme Court deemed the defendant in default, granted the plaintiff's unopposed motion, and appointed a referee to compute the amount due and owing to the plaintiff. In 2017, the plaintiff moved for a judgment of foreclosure and sale. Almost a year later, [*2]in January 2018, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a) to vacate the June 2016 order, entered upon her default in opposing the plaintiff's motion for summary judgment. The defendant's motion was denominated as a motion for leave to renew and reargue. In an order dated May 10, 2019, the court granted the plaintiff's motion for a judgment of foreclosure and sale and denied the defendant's motion. Thereafter, in a judgment of foreclosure and sale entered May 15, 2019, the court directed the sale of the property. The defendant appeals.
"The proper procedure to cure a default in opposing a motion for summary judgment is to move to vacate the default . . . , and to appeal that determination, if necessary" (U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285 [citation omitted]). Since the June 2016 order was entered on the defendant's default in opposing the plaintiff's motion, the Supreme Court should have construed the defendant's motion, although not denominated as such, as one seeking to vacate her default pursuant to CPLR 5015(a) (see U.S. Bank N.A. v Fuller-Watson, 197 AD3d 764, 767; U.S. Bank, N.A. v Blagman, 188 AD3d at 1285). Nonetheless, as set forth below, the defendant's motion was properly denied as the defendant failed to establish her entitlement to vacatur of her default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as against her.
A court may relieve a party from an order based on, inter alia, excusable default (see CPLR 5015[a][1]), newly discovered evidence (see CPLR 5015[a][2]), or "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015[a][3]). Here, the defendant failed to demonstrate that she was entitled to vacate her default under CPLR 5015(a)(1) as her motion was untimely and failed to demonstrate "a reasonable excuse for the default" (Wells Fargo Bank, N.A. v Singh, 196 AD3d 728, 728-729; see CPLR 5015[a][1]). Since the defendant failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motion, it is unnecessary to consider whether she demonstrated that she had a potentially meritorious opposition to the motion (see Wells Fargo Bank, N.A. v Singh, 196 AD3d at 729).
The defendant also failed to demonstrate that vacatur of her default was warranted under CPLR 5015(a)(2), as she did not demonstrate that the evidence on which she relied "could not have been discovered earlier through the exercise of due diligence" (Globe Trade Capital, LLC v Hoey, 199 AD3d 775, 776). Similarly, the defendant failed to demonstrate that her default should be vacated under CPLR 5015(a)(3) (see Empire State Conglomerates v Mahbur, 105 AD3d 898, 899). Although "there is no specific time limit within which to move under this provision, the motion must be made within a reasonable time," and, under the circumstances of this case, the defendant did not bring her motion within a reasonable time (id. at 899). Moreover, the defendant failed to demonstrate that she did not have knowledge of the alleged fraud or misconduct before the Supreme Court issued the June 2016 order, nor did she demonstrate that the plaintiff engaged in any "fraud, misrepresentation, or other misconduct" warranting such relief (CPLR 5015[a][3]; see SNC Props., LLC v DeMartino, 185 AD3d 750, 752).
In light of the foregoing, we need not address the defendant's remaining contentions.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court