Nassau Educators Fed. Credit Union v Mixon (2022 NY Slip Op 50919(U))

[*1]

Nassau Educators Fed. Credit Union v Mixon

2022 NY Slip Op 50919(U) [76 Misc 3d 133(A)]

Decided on September 15, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 15, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2021-529 S C

Nassau Educators Federal Credit Union,
Respondent,
against
Yeshai Mixon, Appellant. 

Yeshai Mixon, appellant pro se.
Kirschenbaum & Phillips, P.C. (Jorge L. Vitureira of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Cheryl M.
Helfer, J.), entered July 27, 2021. The order denied defendant's motion to vacate a judgment of
that court entered May 3, 2019 upon defendant's failure to appear or answer the complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action in 2019 to recover the principal sum of $1,857.39 for breach
of a credit card agreement and upon an account stated. The affidavit of service of process states
that the summons and complaint were delivered to defendant's grandmother at defendant's usual
place of abode in Amityville, New York. The process server also mailed copies of the summons
and complaint to defendant at the same address. Defendant failed to appear or answer the
complaint, and, on May 3, 2019, a default judgment was entered against him.
In June 2021, defendant moved to vacate the default judgment, arguing, among other things,
that, at the time of service, he did not reside at the service address and that his grandmother, who
has Alzheimer's disease, did not convey the summons and complaint to him. In opposition to
defendant's motion, plaintiff alleged, among other things, that defendant had contacted plaintiff's
counsel shortly after service had been made in order to negotiate a settlement, thereby implicitly
acknowledging that he had received service. Defendant did not dispute plaintiff's allegation
regarding his attempt to settle the matter. By order entered July 27, [*2]2021, the District Court denied defendant's motion.
When a defendant moves to vacate a default judgment pursuant to CPLR 5015 (a) (1) and (a)
(4), the court is required to resolve the CPLR 5015 (a) (4) jurisdictional question before
determining whether it is appropriate to grant a discretionary vacatur pursuant to CPLR 5015 (a)
(1) (see Emigrant Mtge. Co., Inc. v
Westervelt, 105 AD3d 896, 897 [2013]). To the extent that defendant sought vacatur of
the default judgment pursuant to CPLR 5015 (a) (4), it is well settled that a process server's
affidavit of proper service constitutes prima facie evidence of service, and, in order to rebut this
showing and raise an issue of fact necessitating a traverse hearing, the party disputing service is
required to submit a sworn, nonconclusory, and factually specific denial of service (see Deutsche Bank Natl. Trust Co. v
Quinones, 114 AD3d 719, 719 [2014]; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1015 [2011]; Daimler Trust v Ferro, 58 Misc 3d
152[A], 2018 NY Slip Op 50116[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]).
Here, plaintiff made a prima facie showing of proper service by submitting the process
server's affidavit of service, which alleged that the summons and complaint had been left with a
person of suitable age and discretion at defendant's usual place of abode and that another copy
had been mailed to defendant's last known residence (see CPLR 308 [2]; Nationstar Mtge., LLC v Kamil, 155
AD3d 966, 967 [2017]; LaSalle
Bank N.A. v Calle, 153 AD3d 801, 802 [2017]; Daimler Trust v Ferro, 2018 NY
Slip Op 50116[U], *2). Defendant did not deny that he had lived at the address where service
was effectuated, and he failed to provide documentation to support his claim that he had
temporarily relocated from the service address or to state when such relocation had occurred.
Moreover, while defendant claimed that his grandmother never conveyed the summons and
complaint to him, he failed to explain why he had contacted plaintiff's counsel to discuss
settlement if he had not received the summons and complaint. Defendant's unsubstantiated denial
was insufficient to rebut the presumption of service (see U.S. Bank N.A. v Nakash, 195 AD3d 651, 652 [2021]; McCraley v Shvartsman, 174 AD3d
795, 796 [2019]; Wells Fargo Bank,
N.A. v Christie, 83 AD3d 824, 825 [2011]) or to establish defendant's entitlement to a
traverse hearing (see HSBC Bank USA
v Archer, 173 AD3d 984, 985 [2019]; Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996 [2018]).
To the extent that defendant sought vacatur pursuant to CPLR 5015 (a) (1), defendant was
required to demonstrate both a reasonable excuse for the default and a potentially meritorious
defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138,
141 [1986]; Torres v DeJesus, 197
AD3d 1260 [2021]; Hawthorne
Gardens Owners Corp. v Jacobs, 47 Misc 3d 148[A], 2015 NY Slip Op 50822[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2015]). The determination of what constitutes a
reasonable excuse sufficient to vacate a default judgment lies within the sound discretion of the
motion court (see Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]; see also Harcztark v Drive Variety,
Inc., 21 AD3d 876, 876-877 [2005]). In this case, we find that the District Court did not
improvidently exercise its discretion in determining that defendant had failed to demonstrate a
reasonable excuse for his default. In light of this conclusion, we do not consider whether
defendant sufficiently demonstrated the existence of a potentially meritorious defense (see Tlais v Cinozgumes, 189 AD3d
1293, 1294 [2020]; Lane v
Smith, 84 AD3d 746, 748 [2011]).
We reach no other issue.
Accordingly, the order is affirmed.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 15, 2022