Ambassador Cts. Assoc., L.P. v Hecht (2023 NY Slip Op 50586(U))

[*1]

Ambassador Cts. Assoc., L.P. v Hecht

2023 NY Slip Op 50586(U)

Decided on May 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., MARINA CORA MUNDY, LOURDES M. VENTURA, JJ

2022-804 K C

Ambassador Courts Associates, L.P., Petitioner-Respondent, 
against
Samuel J. Hecht, Respondent, and Igal Sagy, Appellant. 

Igal Sagy, appellant pro se.
Amsterdam and Lewinter LLP (Michael S. Finz of counsel), for petitioner-respondent.
Samuel J. Hecht, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Kenneth T. Barany, J.), dated August 7, 2022. The order denied undertenant's motion to vacate so much of a final judgment of that court as was entered against him on July 7, 2022 upon his failure to appear at trial and undertenant's application to have Judge Kenneth T. Barany recuse himself in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
In this illegal-sublet holdover proceeding, a final judgment was entered in favor of landlord following tenant Samuel J. Hecht's failure to appear or answer and undertenant Igal Sagy's failure to appear on an adjourned trial date. Undertenant moved to vacate so much of the default final judgment as was against him, arguing, among other things, that he had not received the Civil Court's order setting the trial date because he did not have access to the mailbox for the subject apartment, and that landlord's counsel told him that the proceeding had been dismissed. Undertenant separately made an application for Judge Kenneth T. Barany to recuse himself. In an affirmation in opposition [*2]to undertenant's motion, landlord's counsel asserted that undertenant had access to the mailbox for the subject apartment. In any event, counsel explained that after undertenant missed a court appearance on June 13, 2022, counsel told undertenant that the proceeding would likely be dismissed due to a technical error, but the next day he personally called undertenant and informed him that the proceeding had not been dismissed and of the adjourned trial date. By order dated August 7, 2022, the Civil Court (Kenneth T. Barany, J.) denied undertenant's motion and his application.
To vacate the default final judgment pursuant to CPLR 5015 (a) (1), undertenant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the proceeding (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Torres v DeJesus, 197 AD3d 1260 [2021]). The determination of what constitutes a reasonable excuse sufficient to vacate a default judgment lies within the sound discretion of the motion court (see Matter of Gambardella v Ortov Light., 278 AD2d 494 [2000]; see also Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2005]). We find that the Civil Court did not improvidently exercise its discretion in determining that undertenant had failed to demonstrate a reasonable excuse for his default, as undertenant did not rebut counsel's allegation that he personally informed undertenant of the adjourned trial date. In light of this conclusion, we do not consider whether undertenant sufficiently demonstrated the existence of a potentially meritorious defense (see Tlais v Cinozgumes, 189 AD3d 1293, 1294 [2020]; Lane v Smith, 84 AD3d 746, 748 [2011]).
Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be lightly overturned (see People v Moreno, 70 NY2d 403, 405-406 [1987]; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, Intl. Assn. of Firefighters, AFL-CIO, 175 AD3d 676, 678 [2019]; D'Andraia v Pesce, 103 AD3d 770, 771 [2013]). "The denial of a recusal motion will constitute an improvident exercise of discretion only where the movant puts forth demonstrable proof of the judge's bias or prejudgment" (Matter of City of Yonkers, 175 AD3d at 678; see also Matter of Rodriguez v Liegey, 132 AD3d 880, 880-881 [2015]; Matter of Grucci v Villanti, 108 AD3d 626, 627 [2013]; Matter of O'Donnell v Goldenberg, 68 AD3d 1000 [2009]). Since undertenant failed to provide any such proof, Judge Barany's refusal to recuse himself was not an improvident exercise of discretion.
Accordingly, the order is affirmed.
OTTLEY, J.P., MUNDY and VENTURA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 26, 2023