Talsania v Sehgal (2023 NY Slip Op 50781(U))

[*1]

Talsania v Sehgal

2023 NY Slip Op 50781(U)

Decided on July 6, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 6, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2022-889 S C

Pankaj Talsania, Respondent,
against
Kanak Sehgal, Appellant, Amit Sehgal, Heena Sehgal, Vishal Sehgal, Meena Sehgal, and Master Distributors Corp., Defendants. 

Kanak Sehgal, appellant pro se.
Pankaj Talsania, respondent pro se.

Appeal from an order of the District Court of Suffolk County, First District (Stephen L. Ukeiley, J.), entered October 14, 2022. The order, insofar as appealed from, denied defendant Kanak Sehgal's motion to, in effect, open his default in appearing for trial.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action in March 2021 to recover unpaid rent on premises located in Ronkonkoma, New York. Kanak Sehgal (defendant) failed to appear on an adjourned trial date. In August 2022, defendant moved to, in effect, open his default, asserting, among other things, that he had not received notice of the trial date, which had been mailed to his work address, until after the trial. Defendant appeals from so much of an order entered October 14, 2022 as denied his motion.
To be relieved of his default pursuant to CPLR 5015 (a) (1), defendant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Torres v DeJesus, 197 AD3d 1260 [2021]; Hawthorne Gardens Owners Corp. v Jacobs, 47 Misc 3d 148[A], 2015 NY Slip Op 50822[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). The determination of what constitutes a reasonable excuse sufficient to open a default lies within the sound discretion of the motion court (see Matter of Gambardella v Ortov Light., 278 AD2d 494 [*2][2000]; see also Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2005]). In this case, we find that the District Court did not improvidently exercise its discretion in determining that defendant had failed to demonstrate a reasonable excuse for his default. In light of this conclusion, we do not consider whether defendant sufficiently demonstrated the existence of a potentially meritorious defense (see Tlais v Cinozgumes, 189 AD3d 1293, 1294 [2020]; Lane v Smith, 84 AD3d 746, 748 [2011]).
Accordingly, the order, insofar as appealed from, is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 6, 2023