PPF SS 753 Middle Country Rd., LLC v 3-G Realty Corp. (2023 NY Slip Op 51396(U))

[*1]

PPF SS 753 Middle Country Rd., LLC v 3-G Realty Corp.

2023 NY Slip Op 51396(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2022-75 S C

PPF SS 753 Middle Country Road, LLC, Respondent,
against
3-G Realty Corp., Appellant, John Doe #1-3 and Jane Doe #1-3, Undertenants. 

Law Offices of Christopher Thompson (Christopher Thompson of counsel), for appellant.
F.J. Romano & Associates, P.C. (Frank J. Romano of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Fourth District (James F. Matthews, J.), dated November 16, 2021. The order, insofar as appealed from, granted the branches of the motion by PPF SS 753 Middle Country Road, LLC seeking to strike 3-G Realty Corp.'s hardship declaration and the entry of a final judgment of possession in a summary proceeding brought pursuant to RPAPL 713 (8).

ORDERED that the order, insofar as appealed from, is affirmed, without costs. 
In April 2021, PPF SS 753 Middle Country Road, LLC (PPF) purchased commercial property known as 753 Middle Country Road in St. James, New York from 3-G Realty Corp. (3-G). Pursuant to an agreement between the parties, following the sale of the property, 3-G was permitted to remain in possession of the premises until July 23, 2021, and, among other things, 3-G was required to pay PPF a specified sum, beginning on July 23, 2021, for each day that it remained in possession of the premises after the 23rd. As of July 27, 2021, 3-G had not vacated the premises. PPF commenced this proceeding in the District Court to recover possession of the property, and for a money judgment (see RPAPL 713 [8]), by serving a notice of petition and petition personally on an individual identified in the affidavit of service as the owner and managing agent of 3-G, at the property sought to be recovered, and by mailing those documents to 3-G at the same address.
Thereafter, 3-G filed a "Commercial Tenant's Declaration of Hardship During the Covid-19 Pandemic," purportedly pursuant to the Covid-19 Emergency Eviction and Foreclosure Prevention Act (CEEFPA) (L 2020, ch 381). PPF moved to strike the declaration and, pursuant to CPLR 409 (b), sought possession and a monetary award. PPF argued that CEEFPA does not apply as 3-G is not a tenant; that, in any event, 3-G has not experienced a hardship as defined by CEEFPA, since 3-G received $2,400,000 for the sale and was supposed to vacate within 90 days of the sale; and that PPF is entitled to a money judgment due to 3-G's failure to timely vacate the [*2]premises. 3-G opposed the motion and argued, among other things, that service of the notice of petition and petition was defective (3-G did not specify how it was defective); that, as stated in the affidavit of its "sole officer and shareholder," it "was never served with a 10 day notice, Notice of Petition or Petition"; and that it is entitled to a CEEFPA hardship declaration because it has been unsuccessful in locating new commercial space. 
By order dated November 16, 2021, insofar as appealed from, the District Court granted the branches of PPF's motion seeking to strike the hardship declaration and enter a final judgment of possession. On appeal, 3-G contends that the District Court was required to determine the jurisdictional issue of service prior to deciding the motion, and that issues of fact precluded the District Court from striking 3-G's hardship declaration without a hearing.
The affidavit of service states that the owner and managing agent of 3-G was personally served with the notice of petition and petition. Therefore, the CPLR 311 (a) provisions relating to personal service on a corporation control and, unlike RPAPL 735 (1) (b), CPLR 311 (a) does not require a mailing of the documents to complete service. Thus, 3-G's argument that service was not proper because PPF did not prove a mailing to 3-G's principal office or place of business is without merit. 
It is well settled that a process server's affidavit attesting to proper service constitutes prima facie evidence of such service and that, in order to rebut this showing and raise an issue of fact necessitating a traverse hearing, the party disputing service is required to submit a sworn, nonconclusory and factually specific denial of service (see U.S. Bank N.A. v Smith, 210 AD3d 725 [2022]; Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719 [2014]; Nassau Educators Fed. Credit Union v Mixon, 76 Misc 3d 133[A], 2022 NY Slip Op 50919[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). Here, the bald statement of 3-G's "sole officer and shareholder" (the person identified in the affidavit of service as the individual upon whom the notice of petition and petition were served) made in his affidavit in opposition to PPF's motion—that "3-G Realty Corp. was never served with a 10 day notice, Notice of Petition or Petition in this case"—was not a factually specific denial of service and, thus, insufficient to rebut the presumption of proper service created by the process server's affidavit of service (see U.S. Bank N.A. v Smith, 210 AD3d at 727; U.S. Bank, N.A. v Nakash, 195 AD3d 651 [2021]; Deutsche Bank Natl. Trust Co. v Jagroop, 104 AD3d 723, 724 [2013]). Consequently, as no factual issue has been raised requiring a traverse hearing, we conclude that the District Court obtained personal jurisdiction over 3-G. 
While there has been much litigation at the trial court level over whether CEEFPA applied to non-tenants (see e.g. Tzifil Realty Corp. v Mazrekaj, 72 Misc 3d 748 [Civ Ct, Kings County 2021]), it is clear that it applied only to residential summary proceedings (see CEEFPA, L 2020, ch 381, part A, § 1 [1] [including only summary proceedings "relating to a residential dwelling unit" and other proceedings "to recover possession of real property relating to a residential dwelling unit" in CEEFPA's definition of "eviction proceeding"]; § 1 [3] [including only residential tenants, lawful occupants of dwelling units, and other people responsible for financial obligations under a residential lease or tenancy agreement in CEEFPA's definition of "tenant"]). As the subject premises is commercial property, CEEFPA did not apply. 
However, L 2021, ch 417, Part B, Subpart A created a program, similar to CEEFPA, for commercial evictions, including granting a stay of a summary proceeding based upon the [*3]submission of a hardship declaration. It is clear that L 2021, ch 417, Part B, Subpart A, unlike CEEFPA, applies only to tenants and not to other occupants of commercial property. Since it is clear that 3-G was not a tenant, it was proper for the District Court to summarily grant the relevant branches of PPF's motion. 
3-G's remaining arguments were either improperly raised for the first time on appeal or lack merit.
Accordingly, the order, insofar as appealed from, is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023