■ JOSEPH GRINKORN, Appellant, v JOSEPH SEELEY, Doing Business as SEELEY CONTRACTING, et al., Respondents. [816 NYS2d 549]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated June 27, 2005, which denied his motion to vacate his default in proceeding to trial and restore the case to the trial calendar.

Ordered that the order is affirmed, with one bill of costs.

CPLR 5015 (a) allows a court to vacate a default entered against a party "upon such terms as may be just" if the default was "excusable" (CPLR 5015 [a] [1]). In order to establish that a default is excusable, a party must show both a reasonable excuse for the default and a meritorious cause of action or defense (see *Zeltser v Sacerdote,* 24 AD3d 541, 542 [2005]; *Kumar v Yonkers Contr. Co., Inc.,* 14 AD3d 493, 494 [2005]). Here, the plaintiff failed to establish a reasonable excuse for his default. His vague affidavit did not establish that the default was attributable to law office failure; indeed, the record makes clear that his default was the direct consequence of his discharging his attorney after the court ordered the parties to begin jury selection (see *P & K Marble v Pearce,* 168 AD2d 439, 439 [1990]). Moreover, contrary to the plaintiff's contention, CPLR 321 (c) does not provide a party with an automatic 30-day stay upon an attorney's mere request to withdraw from a case (see *Zacher v Oakdale Islandia Ltd. Partnership,* 271 AD2d 441 [2000]).

Under these circumstances, it is irrelevant whether or not the plaintiff's claim may have had merit. Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.