JPMorgan Chase Bank, N.A. v Baptiste (2020 NY Slip Op 06509)





JPMorgan Chase Bank, N.A. v Baptiste


2020 NY Slip Op 06509


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-15014
 (Index No. 18566/10)

[*1]JPMorgan Chase Bank, N.A., etc., appellant,
v
John Baptiste, et al., defendants, Esther Guy, etc., respondent.


Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (James Tierney, Serge F. Petroff, and Steven Amshen of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the defendants John Baptiste and Lorraine Baptiste are the sole fee owners of certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated October 9, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Esther Guy which was pursuant to CPLR 5015(a)(1) to vacate so much of an order of the same court dated January 8, 2016, as granted that branch of the plaintiff's unopposed motion which was pursuant to CPLR 3126 to strike that defendant's amended answer for failure to comply with discovery demands, and denied the plaintiff's cross motion for leave to enter a default judgment against the defendant Esther Guy and for a judgment declaring, inter alia, that the defendants John Baptiste and Lorraine Baptiste are the sole legal and equitable owners of the subject property.
ORDERED that the order dated October 9, 2018, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the defendants John Baptiste and Lorraine Baptiste (hereinafter together the Baptistes) are the sole fee owners of certain real property, subject to the plaintiff's mortgage, due to the loss or destruction of the deed evidencing the conveyance of the property to the Baptistes from the record owner, the defendant Esther Guy. In an order dated January 8, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff's unopposed motion which was pursuant to CPLR 3126 to strike Guy's amended answer for failure to respond to outstanding discovery demands. Thereafter, in an order dated May 23, 2017, the court granted the plaintiff's unopposed motion for leave to enter a default judgment and for a judgment declaring that the Baptistes are the sole legal and equitable owners of the property.
On November 14, 2017, Guy moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of the January 8, 2016 order as granted that branch of the plaintiff's motion which was to strike her amended answer, and pursuant to CPLR 321(c) to vacate the May 23, 2017 order. The plaintiff cross-moved for leave to enter a default judgment against Guy and for declaratory relief in the event that the May 23, 2017 order was vacated. In an order dated October 9, 2018, the Supreme Court, among other things, granted those branches of Guy's motion and, in light of that determination, denied the plaintiff's cross motion. The plaintiff appeals from so much of that order as granted that branch of Guy's motion which was to vacate the portion of the January 8, 2016 order striking her amended answer, and denied its cross motion.
In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion (see Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 991; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894). Such a motion is addressed to the sound discretion of the motion court (see New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894), which may accept law office failure as a reasonable excuse (see CPLR 2005; Soto v Chelsea W26, LLC, 166 AD3d 1048, 1049). Although a motion to vacate an order on the ground of excusable default must be made within one year after service of a copy of the order with written notice of entry upon the moving party (see CPLR 5015[a][1]), the Supreme Court has the inherent authority to vacate an order in the interest of justice, even where the statutory one-year period under CPLR 5015(a)(1) has expired (see Hairston v Marcus Garvey Residential Rehab Pavilion, Inc., 163 AD3d 530, 532; Goldenberg v Goldenberg, 123 AD3d 761, 761-762).
Here, the Supreme Court did not improvidently exercise its discretion in accepting Guy's excuse of law office failure attributable to her former counsel, who was suspended from the practice of law and then disbarred, both for the delay in moving to vacate the January 8, 2016 order and for failing to oppose the plaintiff's motion, inter alia, to strike her amended answer (see CPLR 2005; Ferraro v Balice Fashions, 173 AD2d 679, 679). Moreover, Guy demonstrated a potentially meritorious defense to that branch of the plaintiff's motion which was to strike her answer by asserting that her discovery failures were not willful and contumacious (see Park Side Constr. Contrs., Inc. v Bryan's Quality Plus, LLC, 156 AD3d 804, 807; Friedman, Harfenist, Langer & Kraut v Rosenthal, 79 AD3d 798, 801).
Accordingly, we agree with the Supreme Court's determination to excuse Guy's default in failing to oppose that branch of the plaintiff's motion which was to strike her amended answer, such that Guy will have the opportunity to oppose that requested relief. Furthermore, since the court vacated the portion of the January 8, 2016 order striking the amended answer, we also agree with its determination, on the cross motion, that the plaintiff was not entitled to a default judgment against Guy at this juncture.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court