Ganach v Milloul (2021 NY Slip Op 01248)





Ganach v Milloul


2021 NY Slip Op 01248


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-13042
 (Index No. 502586/16)

[*1]Asher Ganach, etc., appellant, 
v
Charles Milloul, et al., defendants, Numo Properties, LLC, etc., respondent.


Law Office of Esther Engelson, P.C., Suffern, NY, for appellant.
Rosenberg & Estis, P.C., New York, NY (Alexander Lycoyannis of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 28, 2018. The order denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate an amended order and judgment (one paper) of the same court dated July 11, 2017, which, inter alia, is in favor of the defendant Numo Properties, LLC, and against the plaintiff in the principal sum of $98,717.36.
ORDERED that the order is affirmed, with costs.
In February 2016, the plaintiff, the principal of an auto body and repair shop which operated in a commercial space in Brooklyn (hereinafter the premises), commenced this action against, among others, the defendant Numo Properties, LLC (hereinafter the defendant), the owner of the premises. The plaintiff sought, inter alia, to recover damages for breach of a 10-year commercial lease agreement between the plaintiff and the defendant for the premises. According to the plaintiff, as a result of a fire in June 2015, the premises were severely damaged and became unusable for the intended purpose under the lease. The plaintiff alleged that the defendant had breached its obligation under the lease to repair the damage to the premises at its own expense by failing to make such repairs. The plaintiff also alleged that, pursuant to the lease, it had no obligation to pay rent for the premises until the defendant repaired the premises. Thereafter, the defendant moved to compel the plaintiff to pay rent during the pendency of the litigation. In an order dated August 9, 2016, the Supreme Court, after an evidentiary hearing, inter alia, stayed payment of rent arrears pending substantial completion of repairs to the premises.
Thereafter, the defendant moved, inter alia, for a money judgment equal to the amount of rent arrears owed by the plaintiff on the ground that repairs to the premises were substantially completed but the plaintiff had failed to pay the arrears. The plaintiff failed to file any papers in opposition to the defendant's motion. The Supreme Court, in effect, granted the defendant's motion on default and entered an amended order and judgment dated July 11, 2017, inter alia, in favor of the defendant and against the plaintiff in the principal sum of $98,717.36, with interest in the sum of $10,838.36.
Approximately one year after the order and judgment was entered, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate it. The defendant opposed the motion and, in an order dated September 28, 2018, the Supreme Court denied the motion. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion to vacate the order and judgment. A party seeking to vacate a judgment entered upon his or her default in opposing a motion must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see Chowdhury v Weldon, 185 AD3d 649, 649; Finamore v David Ullman, P.C., 179 AD3d 642, 643). Here, the plaintiff failed to demonstrate a reasonable excuse for his default in opposing the defendant's motion (see Grinkorn v Seeley, 30 AD3d 376, 377; Lease Factor v Kemcy Model Agency, 201 AD2d 624, 625). Further, the plaintiff failed to explain why he waited approximately one year after the court granted the defendant's motion and entered the order and judgment before moving to vacate his default (see Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813, 815; Betz v Carbone, 126 AD3d 743, 744).
In light of the plaintiff's failure to establish a reasonable excuse for his default, it is not necessary to determine whether he demonstrated a potentially meritorious opposition to the defendant's motion (see HSBC Bank USA, N.A. v Coronel, 174 AD3d 689, 689; Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 887).
The parties' remaining contentions are without merit.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court