Redding v JQ III Assoc., LLC (2022 NY Slip Op 02443)

Redding v JQ III Assoc., LLC

2022 NY Slip Op 02443

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2019-10856
 (Index No. 702023/13)

[*1]Deidre Redding, appellant, 
v
JQ III Associates, LLC, et al., respondents (and a third-party action).

Dell & Dean, PLLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Tarshis & Hammerman, LLP, Forest Hills, NY (Roberta E. Tarshis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated September 3, 2019. The order denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated October 13, 2017, granting the defendants' unopposed motion for summary judgment dismissing the complaint.
ORDERED that the order dated September 3, 2019, is affirmed, with costs.
In June 2013, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she slipped and fell on a waxy substance in the hallway of a building owned by the defendants. The defendants moved for summary judgment dismissing the complaint, and in an order dated October 13, 2017, the Supreme Court granted the defendants' unopposed motion. Thereafter, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate the order dated October 13, 2017, asserting, in effect, an excuse of law office failure. In an order dated September 3, 2019, the court denied the plaintiff's motion. The plaintiff appeals.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d 852, 853; see CPLR 5015[a][1]). "A motion to vacate a default judgment pursuant to CPLR 5015(a)(1) on the ground of excusable default must be made within one year after service upon the moving party of a copy of the judgment, with notice of its entry" (Barnett v Diamond Fin. Co., Inc., _____ AD3d _____, ______, 2022 NY Slip Op 00648, *2 [2d Dept]). "'The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion and the court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue'" (Bank of Am., N.A. v Murjani, 199 AD3d 630, 631, quoting Ki Tae Kim v Bishop, 156 AD3d 776, 777).
Here, the plaintiff's motion was untimely, as she did not move to vacate her default within the one-year period set forth in CPLR 5015(a)(1). Further, the plaintiff's conclusory and [*2]unsubstantiated allegations of law office failure are insufficient to demonstrate a reasonable excuse for her default in opposing the defendants' motion for summary judgment (see Bank of Am., N.A. v Murjani, 199 AD3d 630; U.S. Bank, N.A. v Imtiaz, 198 AD3d 1005; U.S. Bank N.A. v Moultrie, 186 AD3d 525; Auburn Realty, LLC v Surujdyal, 183 AD3d 682). Mere neglect is not a reasonable excuse (see Bank of Am., N.A. v Murjani, 199 AD3d at 630; U.S. Bank, N.A. v Imtiaz, 198 AD3d at 1007; Matthews v Vivero, 189 AD3d 1389).
In light of the foregoing, it is unnecessary to consider whether she demonstrated a potentially meritorious opposition to the defendants' motion for summary judgment (see Bank of Am., N.A. v Murjani, 199 AD3d at 631; Matthews v Vivero, 189 AD3d at 1390; Wright v Brooklyn Renaissance Funding Co., LLC, 174 AD3d 676).
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5015(a)(1).
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court