JPMorgan Chase Bank, N.A. v Almazon (2023 NY Slip Op 02110)

JPMorgan Chase Bank, N.A. v Almazon

2023 NY Slip Op 02110

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-02456
2019-13868
 (Index No. 585/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Doina Almazon, etc., appellant, et al., defendants.

Schwartz Sladkus Reich Greenberg Atlas LLP, New York, NY (Lynn E. Judell of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Charles W. Miller III, Scott W. Parker, Mark S. Winter, and Robert Pollock of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Doina Almazon appeals from (1) an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 17, 2018, and (2) an order of the same court entered August 29, 2019. The order and judgment of foreclosure and sale, upon an order of the same court entered September 21, 2017, inter alia, granting that branch of the plaintiff's unopposed motion which was for summary judgment on the complaint insofar as asserted against the defendant Doina Almazon, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the real property at issue. The order entered August 29, 2019, insofar as appealed from, denied the motion of the defendant Doina Almazon, denominated as one for leave to reargue, but which was, in actuality, one pursuant to CPLR 5015(a)(1) to vacate the order entered September 21, 2017, and to accept her opposition to that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her, and denied a separate motion by that defendant to stay the foreclosure sale.
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that the order entered August 29, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2013, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Doina Almazon (hereinafter the defendant). A copy of the consolidated note, endorsed in blank, was annexed to the complaint. In her answer, the defendant asserted several affirmative defenses, including the plaintiff's lack of standing and failure to comply with the notice requirements of RPAPL 1304.
In 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. In an order entered September 21, 2017 (hereinafter the September 2017 order), the Supreme Court granted the plaintiff's unopposed motion. A copy of the September 2017 order, with notice of entry, was served upon the defendant on October 9, 2017. An appeal of the September 2017 order by the defendant was dismissed by decision and order on motion of this Court dated June 21, 2018, citing CPLR 5511, on the ground that no appeal lies from an order entered upon the default of the appealing party.
Thereafter, in an order and judgment of foreclosure and sale entered December 17, 2018, the Supreme Court, inter alia, confirmed a referee's report and directed the sale of the real property at issue. In April 2019, the defendant made a motion, denominated as one for leave to reargue, but which was, in actuality, a motion pursuant to CPLR 5015(a)(1) to vacate the September 2017 order and to accept her opposition to that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her. By separate motion, the defendant moved to stay the foreclosure sale. In an order entered August 29, 2019, the court denied as untimely the defendant's motion which was denominated as one for leave to reargue, but which was, in actuality, one pursuant to CPLR 5015(a)(1) to vacate the September 2017 order and to accept her opposition to that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her. The court also denied the defendant's separate motion to stay the foreclosure sale.
The defendant is precluded from challenging the September 2017 order which, inter alia, granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against her since she failed to oppose that motion (see CPLR 5511; HSBC Bank USA, N.A. v Chowdhury, 204 AD3d 764; Wells Fargo Bank, N.A. v Harrigan, 179 AD3d 1142, 1143).
CPLR 5015(a)(1) provides that a motion to vacate an order based upon an excusable default should be made within one year after service of the order with notice of entry (see CPLR 5015[a][1]; Redding v JQ III Assoc. LLC, 204 AD3d 849). Here, the defendant's motion, denominated as one for leave to reargue, but which was, in actuality, a motion pursuant to CPLR 5015(a)(1) to vacate the September 2017 order and to accept her opposition to that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her (see U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285; Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1084) was made in 2019, more than one year after the defendant was served with notice of entry of the September 2017 order. Thus, the Supreme Court correctly determined that the defendant's motion was untimely (see Wells Fargo Bank, N.A. v Echeverria, 204 AD3d 955, 956-957). In any event, the motion was without merit as the defendant was required to demonstrate both a reasonable excuse for her default and a potentially meritorious defense (see PHH Mtge. Corp. v Muricy, 135 AD3d 725, 727; Bank of Am. N.A. v Patino, 128 AD3d 994, 994). In support of her motion, the defendant failed to demonstrate the existence of a potentially meritorious defense (see NYCTL 1998-2 Trust v Ocean Gate Estate Homeowners Assn., Inc., 143 AD3d 683, 684; PHH Mtge. Corp. v Muricy, 135 AD3d at 727).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court