Bank of N.Y. Mellon v Taylor (2024 NY Slip Op 04119)

Bank of N.Y. Mellon v Taylor

2024 NY Slip Op 04119

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-10111
 (Index No. 28533/09)

[*1]Bank of New York Mellon, etc., respondent,
v
Joy Taylor, appellant, et al., defendants.

J. Douglas Barics, Commack, NY, for appellant.
McCalla Raymer Liebert Pierce, New York, NY (Peter A. Swift of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joy Taylor appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 6, 2022. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Mark I. Partnow, J.) dated January 12, 2017, entered upon her default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against her, or, in the alternative, for leave to interpose a late answer.
ORDERED that the order is affirmed, with costs.
In December 2005, the defendant Joy Taylor (hereinafter the defendant) executed a note that was secured by a mortgage on certain real property located in Brooklyn. In November 2009, the plaintiff commenced this foreclosure action against the defendant, among others. Although allegedly served with the summons and complaint pursuant to CPLR 308(2), the defendant failed to appear or answer the complaint.
In May 2015, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In October 2015, the defendant's counsel filed a notice of appearance on the defendant's behalf. Thereafter, the defendant opposed the plaintiff's motion, without acknowledging her default in appearing or answering the complaint, arguing, among other things, that the plaintiff lacked standing to commence the action. In an order dated March 30, 2016, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due on the loan.
In August 2016, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant did not oppose the motion. By order and judgment of foreclosure and sale dated January 12, 2017, the Supreme Court, inter alia, granted the plaintiff's motion and directed the sale of the subject property. In June 2019, the defendant attempted to move by order to show cause to stay the sale of the property, to vacate the order and judgment of foreclosure and sale, and to dismiss the complaint with prejudice, or, in the alternative, for leave to interpose a late answer. The court declined to sign the order to show cause. In September 2021, the defendant moved, among other things, pursuant to CPLR 5015(a) to vacate the order and judgment [*2]of foreclosure and sale, and to dismiss the complaint insofar as asserted against her, or, in the alternative, for leave to interpose a late answer. The plaintiff opposed the motion. By order dated June 6, 2022, the court denied the defendant's motion. The defendant appeals.
"An appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon that defendant, and, in the absence of an objection to jurisdiction by way of a motion or answer, the appearance confers personal jurisdiction over that defendant" (U.S. Bank N.A. v Jong Shin, 224 AD3d 933, 935; see CPLR 320[b]; Globe Trade Capital, LLC v Hoey, 199 AD3d 769, 770; Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 140). "In addition to the formal appearances listed in CPLR 320(a), 'a defendant may appear informally by actively litigating the action before the court'" (U.S. Bank N.A. v Jong Shin, 224 AD3d at 935, quoting Taveras v City of New York, 108 AD3d 614, 617; see Henderson v Henderson, 247 NY 428, 433; Travelon, Inc. v Maekitan, 215 AD3d 710, 712). Here, the defendant waived the defense of lack of personal jurisdiction by filing a notice of appearance and opposing the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference without simultaneously asserting an affirmative objection to jurisdiction (see U.S. Bank N.A. v Jong Shin, 224 AD3d at 935; HSBC Bank USA, N.A. v Whitelock, 214 AD3d 855, 856; JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 686-687).
Additionally, the defendant failed to establish her entitlement to a discretionary vacatur. CPLR 5015(a)(1) provides that the court which rendered a judgment or order may relieve a party from such judgment or order on the ground of excusable default. However, a motion to vacate a judgment or order based upon an excusable default must be made within one year after service thereof with notice of entry (see CPLR 5015[a][1]; Redding v JQ III Assoc. LLC, 204 AD3d 849). The defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale was made in September 2021, approximately 4½ years after the defendant was served with notice of entry of the order and judgment of foreclosure and sale. As such, the motion was untimely (see JPMorgan Chase Bank, N.A. v Almazon, 215 AD3d 933, 935; Wells Fargo Bank, N.A. v Echeverria, 204 AD3d 955, 956-957).
Insofar as the defendant contends that the order and judgment of foreclosure and sale should be vacated pursuant to CPLR 5015(a)(3) and, relatedly, in the interests of justice (see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 68), the defendant failed to show that any fraud or misconduct occurred in connection with the service of the summons and complaint or that any such fraud or misconduct could be attributed to the plaintiff (see Deutsche Bank Natl. Trust Co. v Conway, 169 AD3d 641, 642; see also Deutsche Bank Natl. Trust Co. v Afram, 188 AD3d 593, 594). Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her, or, in the alternative, for leave to interpose a late answer.
In view of our determination, we need not reach the defendant's remaining contentions.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court