Walton v Perez (2024 NY Slip Op 05081)

Walton v Perez

2024 NY Slip Op 05081

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Index No. 812171/21 Appeal No. 2808 Case No. 2024-01528 

[*1]Keith Walton, Plaintiff-Appellant,
v
Marilyn Perez et al., Defendants-Respondents.

Sivin, Miller & Roche LLP, New York (Edward Sivin of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 20, 2023, which, insofar as appealed from as limited by the briefs, granted defendants' motion to vacate the default judgment, unanimously affirmed, without costs.
The motion court did not improvidently exercise its discretion in considering the motion to vacate in the interest of justice (see JPMorgan Chase Bank, N.A. v Baptiste, 188 AD3d 848, 850 [2d Dept 2020]; see also Johnson v Sam Minskoff & Sons, 287 AD2d 233, 236 [1st Dept 2001]). Although defendants have a history of defaults and delays, many were readily excusable and the motion court was entitled, in its discretion to accept their proffered excuse of law office failure, especially considering the stipulation to adjourn the motion for a default judgment. We reach this conclusion in light of the policy of deciding actions on the merits, the existence of potentially meritorious defenses, the extreme prejudice to defendants if vacatur is denied, the comparatively lesser prejudice to be suffered by plaintiff if the default is vacated, and the court's efforts to mitigate such prejudice by awarding plaintiff a trial preference and monetary sanctions (see CPLR 2005; Velasquez v New York City Tr. Auth./MTA, 198 AD3d 555, 556 [1st Dept 2021]; Marine v Montefiore Health Sys., Inc., 129 AD3d 428, 429 [1st Dept 2015]).
We decline to consider plaintiff's argument that the motion to vacate should be denied as successive because it was raised for the first time on appeal. Insofar as we consider the instant motion to vacate, it is appropriate to consider anything submitted in support thereof, including the individual defendants' affidavits of merit.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024