Nurhan v Harley (2025 NY Slip Op 01939)

Nurhan v Harley

2025 NY Slip Op 01939

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-05509
 (Index No. 601660/19)

[*1]Marie Nurhan, respondent, 
v
House Harley, appellant, et al., defendant.

George M. Gavalas, Lake Success, NY, for appellant.
Steve Okenwa, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant House Harley appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered March 23, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) to vacate a judgment of the same court entered June 20, 2019, upon that defendant's failure to timely appear or answer the complaint, and pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2019, the plaintiff commenced this action pursuant to RPAPL article 15, inter alia, to set aside an alleged fraudulent conveyance of certain residential property in Freeport to the defendant Harley House, incorrectly sued herein as House Harley (hereinafter the defendant). The defendant filed a late answer, which the plaintiff rejected as untimely. In May 2019, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendant. Thereafter, a judgment was entered on June 20, 2019 (hereinafter the June 2019 judgment), among other things, setting aside the conveyance and deeming the plaintiff to be the fee owner of the property. In November 2021, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the June 2019 judgment and pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. By order entered March 23, 2022, the court, among other things, denied those branches of the motion. The defendant appeals.
"Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862-863 [internal quotation marks omitted]; see PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115).
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see U.S. Bank Trust, N.A. v Catalano, 215 AD3d 992, 993). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the [*2]presumption raised by the process server's affidavit of service" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847; see TD Bank, N.A. v Turbo Group, Inc., 226 AD3d 1058). "A sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 776-777; see Machovec v Svoboda, 120 AD3d 772, 773). "However, a bare and unsubstantiated denial of service is insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where 'the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit'" (GMAC Mtg., LLC v Eberle, 172 AD3d 822, 823, quoting US Natl. Bank Assn. v Melton, 90 AD3d 742, 743). "A minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing" (id. at 823-824; see PNC Bank, N.A. v Bannister, 161 AD3d at 1115). "Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (US Bank N.A. v Cherubin, 141 AD3d 514, 516).
Here, the defendant's submissions in support of his motion were insufficient to defeat the presumption of proper service created by the affidavit of the plaintiff's process server. Contrary to the defendant's contention, the claimed discrepancies between the defendant's physical appearance and the description of the person served set forth in the process server's affidavit were too minor and insufficiently substantiated to warrant a hearing on the issue of service (see PNC Bank, N.A. v Bannister, 161 AD3d at 1115-1116; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723; Citimortgage, Inc. v Baser, 137 AD3d 735, 736).
"Pursuant to CPLR 5015(a)(1), a court may relieve a party from a judgment on the ground of excusable default, if a motion for that relief is made within one year after service of a copy of the judgment with written notice of entry" (Yung Chong Ho v Uppal, 130 AD3d 811, 812; see JPMorgan Chase Bank, N.A. v Almazon, 215 AD3d 933, 935). "A defendant seeking to vacate a default in answering a complaint on the basis of excusable default (see CPLR 5015[a][1]) and to compel the plaintiff to accept an untimely answer (see CPLR 3012[d]) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893).
Here, that branch of the defendant's motion which was to vacate the June 2019 judgment on the ground of excusable default pursuant to CPLR 5015(a)(1) was untimely, as it was made more than one year after a copy of the June 2019 judgment was served upon the defendant with notice of entry (see JPMorgan Chase Bank, N.A. v Almazon, 215 AD3d at 935; Housen v Boston Mkt. Corp., 166 AD3d 593, 594; Gainey v Anorzej, 25 AD3d 650, 651). In any event, the defendant was not entitled to relief pursuant to CPLR 5015(a)(1) and 3012(d), as he failed to demonstrate a reasonable excuse for his default (see Wilmington Sav. Fund Socy., FSB v Cabadiana, 230 AD3d 831; Housen v Boston Mkt. Corp., 166 AD3d at 594). Since the defendant failed to demonstrate a reasonable excuse for his default, this Court need not consider whether he demonstrated the existence of any potentially meritorious defenses to the action (see Nationstar Mtg., LLC v Hassanzadeh, 228 AD3d 948, 950).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015(a) to vacate the June 2019 judgment and pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court