78-19 Jamaica Ave., LLC v Burgos (2025 NY Slip Op 03785)

78-19 Jamaica Ave., LLC v Burgos

2025 NY Slip Op 03785

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-00678
 (Index No. 721098/21)

[*1]78-19 Jamaica Avenue, LLC, appellant, 
v
Genaro Burgos, etc., et al., respondents.

Max D. Leifer, P.C., New York, NY (Michael Dachs of counsel), for appellant.
Brian P. Neary, P.C., Huntington, NY, for respondents.

DECISION & ORDER
In an action to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered December 20, 2022. The order, insofar as appealed from, granted the defendants' cross-motion pursuant to CPLR 5015(a)(1) to vacate a clerk's judgment entered February 20, 2015, upon their failure to appear or answer the complaint, which is in favor of the plaintiff and against the defendants in the total sum of $232,459.81.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross-motion pursuant to CPLR 5015(a)(1) to vacate the clerk's judgment is denied.
In February 2005, the defendants, Genaro Burgos (hereinafter Genaro) and Luz Burgos, as tenants, entered into a 10-year lease agreement for certain commercial property located in Woodhaven (hereinafter the subject property). From February 2012 to December 2012, the defendants withheld rent after the plaintiff allegedly failed to remedy flooding and structural deficiencies for which the New York City Department of Buildings issued a peremptory vacate order directing the occupants to vacate the second floor of the subject property. Thereafter, the plaintiff commenced this action against the defendants to recover rent and back taxes for that period. On February 20, 2015, a clerk's judgment was entered in favor of the plaintiff and against the defendants, upon their failure to appear or answer the complaint, in the total sum of $232,459.81.
In May 2022, the plaintiff moved to hold Genaro in contempt. The defendants cross-moved pursuant to CPLR 5015(a)(1) to vacate the clerk's judgment. In support of the motion, the defendants submitted an affidavit of Genaro, in which he averred that their first attorney neglected their case and, as a result, the clerk's judgment was entered against them. The defendants also submitted, among other things, a complaint submitted by Genaro to the Attorney Grievance Committee of the First Department, in which he asserted that the attorney consistently failed to appear for various court dates and to respond to the defendants' communication attempts, among other things. In an order entered December 20, 2022, the Supreme Court, inter alia, granted the defendants' cross-motion. The plaintiff appeals.
"'A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) must [*2]demonstrate a reasonable excuse for the default and a potentially meritorious defense'" (Nico v Olajitan, 229 AD3d 561, 562, quoting Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 652; see Redding v JQ III Assoc., LLC, 204 AD3d 849, 849). "'Further, the motion to vacate must be made within one year after the service of a copy of the judgment or order with written notice of its entry upon the moving party'" (Mazin v Dangelo, 206 AD3d 986, 987 [internal quotation marks omitted], quoting Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d 852, 853; see CPLR 5015[a][1]). "[T]he court has discretion to accept law office failure as a reasonable excuse where the claim is supported by a detailed and credible explanation of the default at issue" (Chowdhury v Weldon, 185 AD3d 649, 649 [citation and internal quotation marks omitted]; see Rajaram v Singh, 230 AD3d 809, 810).
Here, while the Supreme Court providently exercised its discretion in determining that the defendants proffered a reasonable excuse for their default due to the law office failure of their attorney (see JPMorgan Chase Bank, N.A. v Baptiste, 188 AD3d 848, 850), the court improvidently exercised its discretion in vacating the defendants' default because they failed to establish a reasonable excuse for the more than six-year delay in cross-moving to vacate the clerk's judgment (see Cho v Ibrahina, 229 AD3d 610, 611; Chowdhury v Weldon, 185 AD3d at 650). In light of the defendants' failure to establish a reasonable excuse for their delay in cross-moving to vacate the clerk's judgment, it is not necessary to determine whether they demonstrated a potentially meritorious defense to the action (see Cho v Ibrahina, 229 AD3d at 611; Ganach v Milloul, 192 AD3d 669, 671).
The parties' remaining contentions either need not be reached in view of the foregoing or are without merit (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1009).
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court