HSBC Bank USA, N.A. v Grinage (2025 NY Slip Op 07002)

HSBC Bank USA, N.A. v Grinage

2025 NY Slip Op 07002

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-04572
 (Index No. 726311/21)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Theron Grinage, et al., appellants, et al., defendants.

Alice A. Nicholson, Brooklyn, NY, for appellants.
LOGS Legal Group LLP, Rochester, NY (Virginia Grapensteter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Theron Grinage and Desiree Reid appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered April 13, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to add the defendant Desiree Reid as a defendant, for leave to enter a default judgment against the defendants Theron Grinage and Desiree Reid, and for an order of reference, referred the matter to a referee to compute the amount due to the plaintiff, and denied those branches of those defendants' cross-motion which were (1) pursuant to CPLR 5015(a) to vacate an order of the same court dated December 2, 2019, granting the plaintiff's unopposed motion, inter alia, to vacate an order of the same court dated November 18, 2016, and (2), in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Desiree Reid.
ORDERED that the order entered April 13, 2023, is affirmed insofar as appealed from, with costs.
On June 7, 2006, the defendant Theron Grinage executed a note in the sum of $445,500 in favor of Fremont Investment & Loan. The note was secured by a mortgage on residential property located in Arverne (hereinafter the premises). By deed recorded on April 16, 2008, Grinage conveyed the premises to himself and the defendant Desiree Reid (hereinafter together the defendants).
On August 20, 2010, Grinage executed a loan modification agreement. Thereafter, Grinage allegedly defaulted on his payment obligations under the terms of the loan modification agreement. The mortgage ultimately was assigned to the plaintiff.
On January 16, 2013, the plaintiff commenced this action against, among others, Grinage to foreclose the mortgage. In April 2015, the plaintiff moved, inter alia, for an order of reference and to substitute Reid for the defendant "John Doe #3." Thereafter, Grinage moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The plaintiff failed to oppose Grinage's motion, which was granted in an order dated November 18, [*2]2016.
Thereafter, the plaintiff moved, among other things, to vacate the order dated November 18, 2016. Grinage failed to oppose the motion, which was granted in an order dated December 2, 2019.
Thereafter, the plaintiff moved, inter alia, to add Reid as a defendant, for leave to enter a default judgment against the defendants, and for an order of reference. The defendants cross-moved, among other things, pursuant to CPLR 5015(a)(1) to vacate the order dated December 2, 2019, and, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against Reid for failure to join her as a necessary party. In an order entered April 13, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, denied those branches of the defendants' cross-motion, and referred the matter to a referee to compute the amount due to the plaintiff. The defendants appeal.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d 852, 853; see CPLR 5015[a][1]; Mazin v Dangelo, 206 AD3d 986, 987; Redding v JQ III Assoc., LLC, 204 AD3d 849, 849). A motion to vacate an order pursuant to CPLR 5015(a)(1) must be made within one year after service of the order with notice of entry (see Bank of N.Y. Mellon v Taylor, 230 AD3d 457, 459; JPMorgan Chase Bank, N.A. v Almazon, 215 AD3d 933, 935; Mazin v Dangelo, 206 AD3d at 987).
Here, the defendants failed to move to vacate the order dated December 2, 2019, until August 2022, approximately two years and eight months after the plaintiff served the defendants with notice of entry of that order. Thus, that branch of the defendants' cross-motion which was pursuant to CPLR 5015(a)(1) to vacate the order dated December 2, 2019, was untimely (see Bank of N.Y. Mellon v Taylor, 230 AD3d at 459; JPMorgan Chase Bank, N.A. v Almazon, 215 AD3d at 935; Mazin v Dangelo, 206 AD3d at 987-988; Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d at 853). In any event, the defendants failed to provide a reasonable excuse for failing to oppose the plaintiff's motion, among other things, to vacate the order dated November 18, 2016 (see Nationstar Mtge., LLC v Yarmosh, 208 AD3d 885, 887-888).
The defendants also failed to demonstrate that vacating the order dated December 2, 2019, was warranted in the interests of substantial justice (see JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 693; CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1008).
Contrary to the defendants' contention, dismissal of the complaint insofar as asserted against Reid for failure to join her as a necessary party was not required or warranted under the circumstances (see U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747-748; Central Mtge. Co. v Davis, 149 AD3d 898, 900).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court