Deutsche Bank Natl. Trust Co. v Starr (2026 NY Slip Op 00345)

Deutsche Bank Natl. Trust Co. v Starr

2026 NY Slip Op 00345

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DONNA-MARIE E. GOLIA, JJ.

2023-00064
 (Index No. 13832/12)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
vDonna M. Starr, etc., respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri of counsel), for appellant.
Justin F. Pane, P.C., Bohemia, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered November 18, 2022. The order denied the plaintiff's motion, denominated as one to dismiss the complaint without prejudice based upon its inability to comply with RPAPL 1306 and/or on equitable grounds, but which was, in actuality, one pursuant to CPLR 3217(b) to discontinue the action without prejudice, granted the cross-motion of the defendant Donna M. Starr pursuant to CPLR 3217(b) to discontinue the action with prejudice, and thereupon, directed dismissal of the complaint with prejudice.
ORDERED that the order is affirmed, with costs.
On February 1, 2005, the defendant Donna M. Starr (hereinafter the defendant) executed a note in the sum of $300,000, which was secured by a mortgage on certain residential property located in Merrick. The defendant allegedly defaulted on her obligations under the note and mortgage by failing to make the monthly payments due on January 1, 2009, and thereafter. By assignment of mortgage dated July 10, 2009, the mortgage was assigned to the plaintiff.
On August 17, 2009, the plaintiff commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2009 action). In an order dated September 30, 2010, the Supreme Court granted the plaintiff's motion to discontinue the 2009 action.
On November 7, 2012, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which she asserted various affirmative defenses and counterclaims. Thereafter, in an order dated October 11, 2016 (hereinafter the October 2016 order), the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference and denied the defendant's cross-motion to dismiss the complaint insofar as asserted against her for failure to comply with RPAPL 1304 and 1306. In a decision and order dated June 12, 2019, this Court modified the October 2016 order so as to deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. This Court [*2]affirmed so much of the October 2016 order as denied that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her for failure to comply with RPAPL 1304 and 1306 (see Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836).
In March 2022, the plaintiff made a motion, denominated as one to dismiss the complaint without prejudice based on its "inability to show compliance with RPAPL 1306 and/or on equitable grounds," but which was, in actuality, one pursuant to CPLR 3217(b) to discontinue the action without prejudice. The defendant cross-moved pursuant to CPLR 3217(b) to discontinue the action with prejudice on the ground that any future action would be time-barred. In an order entered November 18, 2022, the Supreme Court denied the plaintiff's motion, granted the defendant's cross-motion, and, thereupon, directed dismissal of the complaint with prejudice. In granting the defendant's cross-motion and directing dismissal of the complaint with prejudice, the court found that the plaintiff's "excessive delay in taking measures to correct [its] own errors and defects [rose] to the level of laches." The plaintiff appeals.
Contrary to the plaintiff's contention, its motion, denominated as one to dismiss the complaint without prejudice based upon its inability to comply with RPAPL 1306 and/or on equitable grounds, was, in actuality, one pursuant to CPLR 3217(b) to discontinue the action without prejudice. When the plaintiff made its motion, the time for it to commence a new action to foreclose the mortgage had expired, as the six-year statute of limitations for mortgage foreclosure actions had elapsed since the commencement of this action in 2012, at which time the plaintiff had accelerated the mortgage debt (see CPLR 213[4]; IPA Asset Mgt., LLC v HSBC Bank USA, N.A., 234 AD3d 948, 949). Moreover, when an action is terminated by a voluntary discontinuance, a plaintiff is not entitled to the benefit of the six-month grace period afforded by CPLR 205-a(a) that allows for commencement of a new action that otherwise would be time-barred under certain conditions (see id.). Thus, under the circumstances, if the plaintiff denominated its motion as one to voluntarily discontinue the action pursuant to CPLR 3217(b) and prevailed on that motion, it would not be entitled to the benefit of the savings provision of CPLR 205-a(a) (see U.S. Bank N.A. v Jarrett, 233 AD3d 731, 732). Here, the plaintiff attempted to avoid the undesired consequences of a voluntary discontinuance by denominating its motion as one seeking dismissal of the complaint, but, as the plaintiff was moving to dismiss its own action, its motion was, in actuality, one to voluntarily discontinue the action pursuant to CPLR 3217(b) (see generally Tucker v Tucker, 55 NY2d 378, 385; JPMorgan Chase Bank, N.A. v Almazon, 215 AD3d 933, 934-935; Wells Fargo Bank, N.A. v Osias, 205 AD3d 979, 980-981). Accordingly, the Supreme Court properly determined that "[e]ffectively, Plaintiff seeks to voluntarily discontinue the action without prejudice."
As the plaintiff correctly contends, the issue of whether discontinuance of the action with prejudice was warranted pursuant to the doctrine of laches was not raised by either party and, thus, the Supreme Court erred in granting the defendant's cross-motion and directing dismissal of the complaint with prejudice on that ground (see Associates First Capital Corp. v Roth, 226 AD3d 636, 637; Nationstar Mtge., LLC v Einhorn, 185 AD3d 945, 945).
Nonetheless, we affirm the Supreme Court's determination declining to discontinue the action without prejudice and granting the defendant's cross-motion pursuant to CPLR 3217(b) to discontinue the action with prejudice on alternate grounds. CPLR 3217(b) permits a voluntary discontinuance of an action by court order "upon terms and conditions, as the court deems proper" (see Deutsche Bank Natl. Trust Co. v Holcomb, 178 AD3d 773, 774; Matter of Reid v Brown, 165 AD3d 949, 950). In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice (see CPLR 3217[c]; Tucker v Tucker, 55 NY2d at 383-384; Matter of Reid v Brown, 165 AD3d at 950). The determination of whether, and upon what terms and conditions, to grant a motion to discontinue an action pursuant to CPLR 3217(b) lies within the sound discretion of the court (see Matter of Sellers v Gardner, 166 AD3d 785, 786).
Here, in opposition to the plaintiff's motion and in support of her cross-motion, the defendant made the requisite showing that she would be prejudiced by a discontinuance of the action without prejudice (see generally id.; Matter of Reid v Brown, 166 AD3d at 785). The defendant [*3]demonstrated, prima facie, that a future action would be time-barred and that the plaintiff would not be entitled to the benefit of the savings provision of CPLR 205-a(a) in commencing a future action to foreclose the mortgage because the six-month savings provision under that statute is not available where an action has been voluntarily discontinued (see id.; U.S. Bank N.A. v Jarrett, 233 AD3d at 732).
The plaintiff's remaining contentions are without merit.
Accordingly, we affirm the order appealed from.
CHAMBERS, J.P., CHRISTOPHER, FORD and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court